IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01199–WYD–KMT

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GREGORY MARTENS,

      Defendant.

---

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

Plaintiff's "Motion for Court to Take Judicial Notice of the Following Facts That Are Not Subject to Reasonable Dispute" (Doc. No. 16, filed September 8, 2014) is DENIED.

Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is a means by which facts can be established as true in a court of law, without the normal requirements of proof by evidence. In order for a fact to be judicially noticed pursuant to Rule 201, "indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995). That is, judicial notice should be exercised with great caution—the matter noticed must be of common and general knowledge, and it must be authoritatively settled and free from doubt or uncertainty. *See, e.g., Lussier v. Runyon*, 50 F.3d 1103 (1st Cir. 1995); *Korematsu v. United States*, 584 F. Supp. 1406, 1415 (N.D. Cal. 1984) ("Care must be taken that Rule 201 not be used as a substitute for more rigorous evidentiary requirements and careful fact finding.").

Plaintiff asks the court to take judicial notice of certain "facts" apparently related to the General Accounting Office. (See Doc. No. 16.) Plaintiff fails to provide any citation reference for the facts or to provide documents in which the facts are contained. The court has significant doubt as to whether many of these matters are "adjudicative facts" as contemplated by Rule 201, much less that they are "facts" at all. Accordingly, the court cannot take judicial notice of either the authenticity or the content of the facts provided by Plaintiff. Moreover, there is no reason for the

court to take judicial notice of the facts at this time, as there is no motion at issue and no trial date has been set.

Dated: September 10, 2014