IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01199–WYD–KMT

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GREGORY MARTENS, individually and as trustee of In God We Trust,
IN GOD WE TRUST, a trust,
JENNIFER MARTENS,
BANK OF AMERICA,
COLORADO DEPARTMENT OF REVENUE,

      Defendants.

## ORDER

      This matter comes before the court on Defendant Gregory Martens' "Motion to Restrain Assessment and Collections" (Doc. No. 37 [Mot.], filed March 24, 2015). Plaintiff filed its response on March 31, 2015 (Doc. No. 39 [Resp.]).

      Defendant moves the court for an order "restraining" the assessment and collection of taxes by the Plaintiff. (*See* Mot.) Defendant refers to an attached document which he refers to as a "collection letter." (*See* Mot., Attach. 1.) However, it appears from the face of the document submitted by Defendant that the letter he received was a response to a request by Defendant for an installment agreement. (*See id.*) A response letter to an inquiry made by Defendant does not constitute a "collection" activity, such as a levy.

To the extent Defendant seeks to "restrain" the collection or assessment of tax liabilities generally, or for other periods (outside those at issue in this matter), Defendant's motion also fails.  The Anti-Injunction Act, 26 U.S.C. § 7421, provides that ". . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."  The Court lacks subject matter jurisdiction to grant relief that falls within the purview of the Act, which is designed to permit the government to assess and collect taxes with a minimum of pre-enforcement judicial interference.  *Bob Jones University v. Simon*, 416 U.S. 725, 736 (1974).

In some limited circumstances, exceptions to the Anti-Injunction Act exist.  Section 6330(e) of the Internal Revenue Code, which Plaintiff cites, provides an exception to Section 7421 when there is a "levy or proceeding *during the time the suspension under this paragraph is in force*."  (Emphasis added.)  Section 6330(e) provides for a suspension of collections actions "if a hearing is requested under subsection (a)(3)(B)."  Thus, the exception applies only where there is a Collections Due Process administrative hearing requested.  The Section does not reference a hearing by a federal district court; rather subsection (b)(1) provides that "[i]f a person requests a hearing under subsection (a)(3)(B) . . . such hearing shall be held by the Internal Revenue Service Office of Appeals."  This case is not an administrative process, however, and this exception does not apply to this case.  In fact, Collections Due Process determination appeals are the sole province of the United States Tax Court.  *See, e.g.*, 26 U.S.C. § 6330(d); *Wagenknecht v. United States*, 533 F.3d 412 (6th Cir. 2008); *Rael v. Apodaca*, 210 F. App'x 787 (10th Cir. 2006).

Therefore, for the foregoing reasons, it is

**ORDERED** that Defendant Gregory Martens' "Motion to Restrain Assessment and Collections" (Doc. No. 37) is **DENIED**.

Dated this 2nd day of April, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge